BILAL A. JALOUDI, ESQ., I.D. No.: 161192016
JALOUDI & ASSOCIATES, LLC
1555 Main Avenue
Clifton, New Jersey 07011
Phone: (973) 928-4000
Facsimile: (973) 928-4444
Attorneys for Plaintiff, Eric Kowlesar

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC KOWLESAR<br><br>                         Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, DETECTIVE DANIEL OLIVEIRA, POLICE OFFICER PRINCE OBENG-FOSU, DETECTIVE HERIBERTO FIGUEROA, SERGEANT DEBBIE TEIXEIRA, LIEUTENANT LUIS OSORIO, LIEUTENANT MIGUEL ARROYO, CHIEF DARNELL HENRY, ESSEX COUNTY PROSECUTOR'S OFFICE, COUNTY OF ESSEX, ESSEX COUNTY CORRECTIONAL FACILITY, STATE OF NEW JERSEY, JOHN DOE POLICE OFFICERS 1-100, JOHN DOE 1-100, individually and/or in their official capacities, jointly, severally, and/or in the alternative,<br><br>                        Defendants. | CIVIL ACTION NO. _____<br><br>COMPLAINT and DEMAND FOR JURY TRIAL |

Plaintiff Eric Kowlesar residing at 245 Brown Avenue, in the Borough of Prospect Park, County of Passaic, and State of New Jersey by and through his attorneys, bring this Complaint against Defendants and in support thereof alleges as follows:

## PARTIES

1. Eric Kowlesar was wrongly arrested, falsely imprisoned, maliciously prosecuted, as well as the victim of several other egregious torts highlighted and detailed within this Complaint.

2. Defendants, Daniel Oliveira, Prince Obeng-Fosu, Heriberto Figueoa, Debbie Teixeira, Luis Osorio, Miguel Arroyo, and Darnell Henry at all relevant times, are and/or were police officers, detectives, sergeants, lieutenants, captains, and/or chiefs employed by the City of Newark within its police department and were at all times mentioned in this Complaint acting in their individual and/or official capacities. At all times mentioned in this Complaint, Daniel Oliveira, Prince Obeng-Fosu, Heriberto Figueoa, Debbie Teixeira, Luis Osorio, Miguel Arroyo, and Darnell Henry were acting under color of law and color of their authority.

4. Defendant City of Newark is a municipal corporation, municipality, and/or public entity organized and existing under the laws of the State of New Jersey. The City of Newark's principal offices are located at 920 Broad Street, City of Newark, County of Essex, and State of New Jersey.

5. Defendant County of Essex is a political subdivision of the State of New Jersey, vicariously and independently responsible for the constitutional violations complained of in this litigation.

6. Defendants, Essex County Department of Corrections, Essex County Correctional Facility, and Essex County Sheriff's Department are municipalities and legal entities created by and under the control and direction of County of Essex, and all are responsible for the acts and omissions of the individuals employed by their respective officers and agents.

7. Defendant State of New Jersey is a State within the United States of America.

8. Plaintiff is unaware of the true names and capacities of those defendants sued

as John Doe Police Officers 1-100, and has therefore sued those Defendants using their fictitious names. Upon information and belief, John Doe Police Officers 1-100 are employees of the Newark Police Department and/or City of Newark in their capacities as police officers, detectives, sergeants, lieutenants, captains, chiefs, or other public employees. Plaintiff is informed and believes that each of these 100 unknown other named defendants are legally responsible and liable for the incident, injuries and damages set forth here, and that each of these defendants legally caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, wanton or despicable conduct as described below and/or violated rights conferred to the Plaintiff by the United States Constitution, the New Jersey Constitution, or the laws of the United States and/or the State of New Jersey.

9. Plaintiff is unaware of the true names and capacities of those defendants sued as John Does 1-100 and has therefore sued those Defendants using their fictitious names. Plaintiff will amend this complaint to add each 100 unknown other named defendants true names and capacities when that information becomes known. Plaintiff is informed and believes that each of these 100 unknown other named defendants are legally responsible and liable for the incident, injuries and damages set forth here, and that each of these defendants legally caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, wanton or despicable conduct as described below and/or violated rights conferred to the Plaintiff by the United States Constitution, the New Jersey Constitution, or the laws of the United States and/or the State of New Jersey.

## JURISDICTION

10. Jurisdiction is proper pursuant to 28 U.S.C. §1311 as the claims stated in this Complaint raise federal questions under 42 U.S.C. §1983.

11. Jurisdiction is proper for all additional causes of action listed in this Complaint under this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367. The additional causes of action arise under state law and these claims form part of the same case and controversy as the claims brought under 42 U.S.C. §1983.

12. Venue is appropriately laid in the District of New Jersey pursuant to 23 U.S.C. §1391(b) as it is the judicial district in which the claims asserted herein arose.

## FIRST CAUSE OF ACTION
### (Deprivation of Federally Protected Right as to all Defendants)
### Excessive Force

13. Plaintiff repeats, realleges, reiterates, adopts, and incorporates by reference each and every preceding paragraph as if set forth at length herein.

14. On October 9, 2018 at approximately 6:00 AM, Newark police banged on Plaintiff Eric Kowlsar's front door while he was in the bathroom urinating blood following a serious bladder cancer related surgery. The detectives and police officers shouted, cursed, and threatened to break down his door. Eric Kowlesar's fiancé, Wakenna Rosado, opened the front door, the police barged in with their guns drawn and Wakenna Rosado explained that Eric Kowlesar is a cancer patient and just underwent a serious operation. She explained that he was in the bathroom and has a serious life-threatening situation. When Eric Kowlesar finished using the bathroom, he immediately opened the bathroom door where he was confronted by at least four (4) police officers and guns pointed at his face. His one month old newborn son and two daughters (approximately 15 years old and 13 years old at the time) were present at the time of the arrest. His 15 year old daughter was pushed out of the way. He was immediately roughly apprehended and both of his arms were forced behind his back then forced upwards in an unnecessary, forceful, and painful position despite the numerous begs to use caution. Eric

Kowelsar was forced out of his house, shoved into the police vehicle, and taken to the police station. He was not informed as to why he was being arrested until after he arrived at the police station. It was later revealed that another man had been assaulted and robbed while hon September 30, 2018 and wrongly accused Plaintiff Eric Kowlesar to be the perpetrator.

15. Eric Kowlesar was eventually acquitted after trial on February 21, 2020. He was then released from incarceration on February 24, 2020 after being wrongly incarcerated for approximately 504 days.

16. Throughout the time of his incarceration, Eric Kowlesar was battling bladder cancer. His cancer treatment was repeatedly ignored and worsened while incarcerated. His health quickly deteriorated and worsened. His cries for treatment were almost always ignored until he was in grave and dire condition. As a result, he underwent five life threatening emergency surgeries and six blood transfusions during the time of his incarceration.

17. Aside from losing his liberty and health, Eric Kowlesar's lost his thriving restaurant business during the time of his incarceration.

18. The conduct of the Newark Police Department police officers described above violated clearly established law and constitutes excessive use of force by the Defendants, depriving Eric Kowlesar of his right to be secure in his persons against unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution.

19. Without any justification and/or provocation, the Defendant police officers, detectives, sergeants, lieutenants, captains, and chiefs intentionally, willfully, maliciously, and with deliberate indifference to his constitutionally protected rights, directly and proximately caused Eric Kowlesar to suffer economic losses, grievous bodily harm, and emotional pain and suffering.

20. By reason of the aforesaid violation of Eric Kowlesar's rights, Plaintiff is entitled to damages under 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
### (Deprivation of Federally Protected Right as to all Defendants)
### False Arrest/False Imprisonment

21. Plaintiff repeats, realleges, reiterates, adopts, and incorporates by reference each and every preceding paragraph as if set forth at length herein.

22. Defendants Daniel Oliveira, Prince Obeng-Fosu, Heriberto Figueroa, Debbie Teixeira, Luis Osorio, Miguel Arroyo, and John Doe Police Officers 1-100, through their acts set forth above, and Defendants City of Newark, Newark Police Department, and Newark Police Chief Darnell Henry, through their agents and employees, violated clearly established law by falsely arresting and falsely imprisoning Eric Kowlesar in violation of the Fourth Amendment to the United States Constitution to be secure in their person against unreasonable searches and seizures and not to be arrested without probable cause, and their right under the Fourteenth Amendment to the United States Constitution not to be deprived of liberty without due process of law.

23. Defendants Daniel Oliveira, Prince Obeng-Fosu, Heriberto Figueroa, Debbie Teixeira, Luis Osorio, Miguel Arroyo, John Doe Police Officers 1-100, and Darnell Henry in his capacity as Chief of Police for the City of Newark acted under color of law engaging in the conduct described above.

24. The conduct of Defendants Daniel Oliveira, Prince Obeng-Fosu, Heriberto Figueroa, Debbie Teixeira, Luis Osorio, Miguel Arroyo, John Doe Police Officers 1-100, and Darnell Henry in his capacity as Chief of Police for the City of Newark shocks the conscience,

and was intentional, willful, and malicious, and demonstrates their deliberate indifference to the constitutionally protected rights of Eric Kowlesar.

25. As a direct, proximate, and foreseeable result of the aforesaid acts of the Defendants, Plaintiff Eric Kowlesar suffered economic losses, grievous bodily harm, and emotional pain and suffering.

26. By reason of the aforesaid violation of Eric Kowlesar's rights, Plaintiff is entitled to recover damages under 42 U.S.C. §1983.

### THIRD CAUSE OF ACTION
**(Deprivation of Federally Protected Right as to all Defendants)**
**Conspiracy to Violate Civil Rights**

27. Plaintiff repeats, realleges, reiterates, adopts, and incorporates by reference each and every preceding paragraph as if set forth at length herein.

28. Defendants Daniel Oliveira, Prince Obeng-Fosu, Heriberto Figueroa, Debbie Teixeira, Luis Osorio, Miguel Arroyo, John Doe Police Officers 1-100, and Darnell Henry in his capacity as Chief of Police for the City of Newark, and through his agents and employees, acting within the scope of their employment and under color of law, reached a mutual understanding, and acted to undertake a course of conduct to deprive Eric Kowlesar of their clearly established federal and state constitutional rights to be free from intentional use of excessive force, their right to be secure in their persons against unreasonable searches and seizures and not to be deprived of life without due process of law, as described above.

29. The conduct of Defendants Daniel Oliveira, Prince Obeng-Fosu, Heriberto Figueroa, Debbie Teixeira, Luis Osorio, Miguel Arroyo, John Doe Police Officers 1-100, and Chief Darnell Henry in his capacity as Chief of Police for the City of Newark in his capacity as

Chief of Police, individually and through his agents and employees constitutes a civil conspiracy to deprive Eric Kowlesar of their clearly established Federal and State Constitutional rights.

30. In furtherance of the conspiracy, Defendants Daniel Oliveira, Prince Obeng-Fosu, Heriberto Figueroa, Debbie Teixeira, Luis Osorio, Miguel Arroyo, John Doe Police Officers 1-100, and Chief Darnell Henry in his capacity as Chief of Police for the City of Newark, individually and through his agents and employees engaged in and facilitated numerous overt acts, including, without limitation, aggressively arresting Eric Kowlesar after being warned that he just underwent a serious life threatening surgery and incarcerating him based on the information given to them by a man who was intoxicated at the time of the alleged assault.

31. Defendants' conduct deprived Eric Kowlesar of the right to be free from unreasonable searches and seizures, the right not to be arrested without probable cause, and their right not to be deprived of liberty without due process of law in violation of the Fourth and Fourteenth Amendments to the United States' Constitution.

32. As a direct, proximate and foreseeable result of the aforesaid acts of the Defendants, and in furtherance thereof, Plaintiff Eric Kowlesar suffered economic losses, grievous bodily harm, and emotional pain and suffering.

33. By reason of the aforesaid violation of Eric Kowlesar's rights, Plaintiff is entitled to recover damages under 42 U.S.C. §1983.

### FOURTH CAUSE OF ACTION
### (Deprivation of Federally Protected Rights)

34. Plaintiff repeats, realleges, reiterates, adopts, and incorporates by reference each and every preceding paragraph as if set forth at length herein.

35. Defendants City of Newark, Daniel Oliveira, Prince Obeng-Fosu, Heriberto Figueroa, Debbie Teixeira, Luis Osorio, Miguel Arroyo, Darnell Henry, John Doe Police

Officers 1-10 are liable for the deprivation of Eric Kowlesar's federally protected rights, as described in each cause of action described above.

36. At all relevant times, Defendants City of Newark and Darnell Henry, individually and by and through their agents and employees, were and are responsible for the training of all police officers in the City of Newark in the proper use of force and in execution of lawful arrests.

37. Defendants City of Newark and Darnell Henry, individually and by and through their agents and employees, failed to enforce the laws of the United States and the State of New Jersey and the regulations of the City of Newark pertaining to the use of force and lawful arrests, thereby creating within the City of Newark and its Police Department, an atmosphere of lawlessness in which Police Officers employ excessive and illegal force and violence and engage in illegal arrests and detentions, and such acts are condoned and justified by their superiors.

38. At all relevant times, the City of Newark and Police Chief Darnell Henry developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Newark, which caused Eric Kowlesar's rights to be violated.

39. It was the policy and/or custom of the City of Newark and Darnell Henry to inadequately and improperly supervise and train its police officers and to inadequately and improperly investigate citizen complaints of police misconduct. Civilian complaints were and are routinely dismissed and officers' misconduct were instead tolerated and condoned by the City of Newark, the Newark Police Department and its police chief.

40. Officers engaging in misconduct were therefore not disciplined nor provided with appropriate in-service training or retraining. Further constitutional violations on the part of its police officers were therefore not discouraged, but condoned. As a result of the policies and

practices, citizens were and are routinely subjected to police misconduct, including false arrests, excessive use of force and civil conspiracies.

41. As a result of the above-described policies and customs, police officers of the City of Newark and Police Chief Darnell Henry, including Defendants Daniel Oliveira, Prince Obeng-Fosu, Heriberto Figueroa, Debbie Teixeira, Luis Osorio, Miguel Arroyo and John Doe Police Officers 1-10 believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated.

42. The above-described policies and customs demonstrate a deliberate indifference on the part of policymakers of the City of Newark and Police Chief Darnell Henry to the constitutional rights of Eric Kowlesar.

43. Defendants City of Newark and Chief Darnell Henry have failed to provide training and supervision regarding lawful arrests to police officers which constitutes negligence, gross negligence and deliberate indifference to the safety and lives of its citizens. The said negligence, gross negligence and deliberate indifference were the proximate cause of Eric Kowlesar's injuries.

44. By reason of the aforesaid violation of Eric Kowlesar's rights, Plaintiff is entitled to recover damages under 42 U.S.C. § 1983.

### FIFTH CAUSE OF ACTION
**(Violation of New Jersey Civil Rights Act as to All Defendants)**

45. Plaintiff repeats, realleges, reiterates, adopts, and incorporates by reference each and every preceding paragraph as if set forth at length herein.

46. This cause of action arises under New Jersey Civil Rights Act, N.J.S.A. § 10:6-1, et seq., and N.J.S.A. § 10:6-2, et seq. Supplemental jurisdiction is established pursuant to 28

U.S.C. § 1367 as the claim forms part of the same case and controversy as the claims brought under the each cause of action described above.

47. The acts described above by Defendants Daniel Oliveira, Prince Obeng-Fosu, Heriberto Figueroa, Debbie Teixeira, Luis Osorio, Miguel Arroyo, John Doe Police Officers 1-100, the City of Newark and Police Chief Darnell Henry constitute a violation of rights secured by the United States Constitution, as alleged above, as well as a violation of the New Jersey Constitution. Specifically: Article I, Section 7 of the New Jersey Constitution prohibiting arrest without probable cause and guaranteeing Eric Kowlesar the right to be secure in their persons against unreasonable searches and seizures; and Article I, Section 7 of the New Jersey Constitution guaranteeing Eric Kowlesar the right to be secure in their person against unreasonable searches and seizures, including the excessive use of force.

48. As a direct and proximate result of the aforesaid acts of Defendants, Plaintiff Eric Kowlesar's suffered economic losses, grievous bodily harm and emotional pain and suffering.

49. By reason of the aforesaid violation of Eric Kowlesar's rights, Plaintiff is entitled to damages under N.J.S.A. § 10:6-1, et seq., and N.J.S.A. § 10:6-2, et seq, including costs, attorney fees and expenses pursuant to N.J.S.A. § 10:6-2(f).

## SIXTH CAUSE OF ACTION
### (False Arrest/Imprisonment as to All Defendants)

50. Plaintiff repeats, realleges, reiterates, adopts, and incorporates by reference each and every preceding paragraph as if set forth at length herein.

51. The conduct of Defendants Daniel Oliveira, Prince Obeng-Fosu, Heriberto Figueroa, Debbie Teixeira, Luis Osorio, Miguel Arroyo, John Doe Police Officers 1-10, the City of Newark, and Newark Police Chief Darnell Henry, individually and by and through their

agents and employees, described above, directly resulted in confinement of Eric Kowlesar of which they were conscious of, and constituted a false arrest and false imprisonment.

52. As a direct, proximate, and foreseeable result of the false imprisonment, Plaintiff Eric Kowlesar has suffered economic losses, grievous bodily harm, and emotional pain and suffering.

## SEVENTH CAUSE OF ACTION
### (Negligence as to All Defendants)

53. Plaintiff repeats, realleges, reiterates, adopts, and incorporates by reference each and every preceding paragraph as if set forth at length herein.

54. Defendants Defendants Daniel Oliveira, Prince Obeng-Fosu, Heriberto Figueroa, Debbie Teixeira, Luis Osorio, Miguel Arroyo, City of Newark, Newark Police Department, and Police Chief Darnell Henry, individually and through their agents and employees owed a duty of care to Eric Kowlesar to exercise due care and cautious regard for the rights of Eric Kowlesar to be free from unnecessary bodily harm and/or from the threat of such harm that prudent police officers would use under the circumstances.

55. Defendants City of Newark and Darnell Henry, individually and through their agents and employees owed a duty of care to properly train Police Officers employed by or otherwise within the control of the City of Newark and the Newark Police Department.

56. Defendants Daniel Oliveira, Prince Obeng-Fosu, Heriberto Figueroa, Debbie Teixeira, Luis Osorio, Miguel Arroyo, City of Newark and Police Chief Darnell Henry, individually and through their agents and employees breached their duty of care to Eric Kowlesar to exercise due care and cautious regard for rights of Eric Kowlesar right to be free from unnecessary bodily harm and/or from the threat of such harm that prudent police officers would use under the circumstances.

57. Defendants City of Newark and Darnell Henry, individually and through their agents and employees breached their duty of care to properly train Police Officers employed by or otherwise within the control of the City of Newark and the Newark Police Department.

58. As a direct, proximate, and foreseeable result of the Defendants' negligence, Plaintiff Eric Kowlesar has suffered economic losses, grievous bodily harm, and emotional pain and suffering.

## EIGHTH CAUSE OF ACTION
**(Gross Negligence as to All Defendants)**

59. Plaintiff repeats, realleges, reiterates, adopts, and incorporates by reference each and every preceding paragraph as if set forth at length herein.

60. The use of excessive force, and other acts unnecessarily subjecting Eric Kowlesar to danger, were carried out with such willful, malicious, wanton and reckless disregard for the consequences as to show Defendants Daniel Oliveira, Prince Obeng-Fosu, Heriberto Figueroa, Debbie Teixeira, Luis Osorio, Miguel Arroyo, City of Newark, and Police Chief Darnell Henry, individually and through their agents and employees, acted with conscious disregard and indifference to the danger of harm and injury to Eric Kowlesar and the intent to inflict harm and injury on the Plaintiffs.

61. As a direct, proximate, and foreseeable result of the Defendants' gross negligence, Plaintiff Eric Kowlesar has suffered economic losses, grievous bodily harm, and emotional pain and suffering.

## NINTH CAUSE OF ACTION
**(Negligent and Intentional Infliction of Emotional Distress as to All Defendants)**

62. Plaintiff repeats, realleges, reiterates, adopts, and incorporates by reference each and every preceding paragraph as if set forth at length herein.

63. Plaintiff Eric Kowlesar was present at the time and place of the above described arrest and incarceration.

64. Plaintiff Eric Kowlesar maintained a complete and total sensory perception of the Defendants' acts which led to repeated personal tragedy.

65. As a result of his complete sensory perception of the incident, Plaintiff Eric Kowlesar suffered severe mental anguish and emotional distress.

### TENTH CAUSE OF ACTION
### (Malicious Prosecution)

66. Plaintiff repeats, realleges, reiterates, adopts, and incorporates by reference each and every preceding paragraph as if set forth at length herein.

67. Defendant Police Officers caused Plaintiff to be prosecuted under false facts.

68. Defendant Police Officers swore to a false criminal complaint against the Plaintiff in order to cover up their unlawful actions.

69. Defendant Police Officers knew that the allegations in the criminal complaint were false.

70. Nonetheless, the Defendant Police Officers caused Plaintiff to be prosecuted for crimes that he did not commit.

71. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff was humiliated, disgraced, suffered damage to his reputation, physical and mental anguish and injury, and monetary loss and damage all to his great detriment.

### ELEVENTH CAUSE OF ACTION
### 42 U.S.C. § 1983 *Monell* Claim

72. The Plaintiff realleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

73.     Plaintiff bases all applicable and appropriate claims as to the Defendants on the doctrines of respondeat superior or vicarious liability, together with municipal liability pursuant to *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658 (1978).

74.     Municipal bodies are liable for constitutional violations under 42 U.S.C. § 1983 when execution of official and/or unofficial, de facto policies, customs, and practices deprives an individual of his or her rights protected under the Constitution. *Monell*, 436 U.S. at 694-95. 98. Such municipal liability exists where a Municipal Defendant fails to properly train, supervise, and discipline its employees, amounting to a deliberate indifference to a victim's constitutional rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989).

75.     Defendants herein have a custom, policy, and practice of over-detaining inmates past their court-ordered release dates.

76.     The policy, pattern of practice, or custom of condoned misconduct is tacitly and overtly sanctioned, as evidenced by the conduct of the Defendants for failure to train, supervise, investigate, or discipline any of the officers involved in Plaintiff's unconstitutional over-detention.

77.     This unconstitutional behavior of officers is carried out pursuant to a policy, pattern of practice, or custom, whether formal or informal, which violates the constitutional rights of persons situated such as the Plaintiff.

78.     This custom, policy, and practice of over-detaining inmates caused the intentional and unjustified over-detention of Plaintiff in violation of his constitutional rights.

79.     The Defendants have a practice of failing to properly log and track prisoner intake, and woefully lack any safeguards to ensure release of prisoners once the justification for their initial detention dissipates.

80. In and of itself, said policy violates the United States Constitution.

81. As opposed to ensuring an inmate's constitutionally-guaranteed release from custody, the procedure in place here is fraught with predicable error and delay.

82. All told, the Defendants herein had a custom, policy, and practice of:

(a) incarcerating inmates without any legal authority to do so;

(b) failing to maintain accurate records of inmates;

(c) failing to keep track of inmates;

(d) failing to process release orders;

(e) failing to promptly conduct background investigations and warrant checks to ascertain whether or not there may be some independent basis to detain a prisoner;

(f) failing to promptly input the results of such background investigations so that once the initial basis for detention dissipates, prompt release is guaranteed;

(g) failing to enact proper procedures for reconciling the status of bench warrants in pending Superior Court actions with inmates' actual detention status;

(h) failing to release inmates on the same day of the inmates' court ordered releases;

(i) misfiling and/or misplacing release orders issued by the courts;

(j) failing to respond to inmate complaints of over-detention;

(k) failing to train employees to process release orders;

(l) failing to discipline employees who made errors in processing release orders;

(m) failing to comply with court orders to release inmates;

(n) failing to implement any fail-safe policies to ensure that an inmate's over-detention will be brought to the attention of a supervisor; and

(o) failing to properly train, supervise and discipline its employees and agents.

83. These customs, policies, and practices were the direct and proximate cause of the violations of Plaintiff's constitutional rights described herein.

84. In addition, the Defendants knew, or should have known, of the over-detention problem given the history of over-detentions. The Defendants demonstrated a deliberate indifference to the constitutional rights of inmates in general, and Plaintiff in particular, by failing to take any steps to remedy the ongoing over-detention problem. As a result of the Defendants' deliberate indifference, the predictable result was that Plaintiff's constitutional rights were violated.

85. Moreover, on the facts as applied, the Defendants demonstrated a deliberate indifference to Plaintiff's constitutional rights by failing to investigate his desperate pleas that he was being unlawfully detained.

86. The actions, omission, policies, patterns, practices and customs of the Defendants were intentional, reckless, and show a callous disregard for, or deliberate indifference to, the personal safety, security, freedom, and constitutional rights of Plaintiff and similarly situated inmates.

87. These violations are compensable pursuant to 42 U.S.C. § 1983.

## TWELFTH CAUSE OF ACTION
### (Negligent Hiring/Supervision/Municipal Liability/Respondent Superior)

88. Plaintiff repeats, realleges, reiterates, adopts, and incorporates by reference each and every preceding paragraph as if set forth at length herein.

89. At all times relevant, Defendants, City of Newark was the employer of the individual Defendants and the individual Defendants were acting as their agents, servants, and employees.

90. City of Newark failed to use reasonable care in the selection of its employees, agents and/or servants, failed to properly train and/or supervise the individual Defendants, and failed to provide the appropriate safeguards to prevent the assault false arrest, improper detention and imprisonment, malicious prosecution and violation of the rights of Plaintiff.

91. City of Newark thus created a tacit policy and custom of permitting the individual Defendants' actions to continue with their imprimatur.

92. City of Newark and its Officers acted under color of law pursuant to an official policy or custom and practice of the City of Newark and Newark Police Department, and intentionally, knowingly, recklessly or with deliberate indifference failed to properly and adequately control and discipline on a continuing basis its employees, agents and/or servants and/or otherwise failed to prevent the individual defendants from unlawfully and maliciously conducting, permitting or allowing the false arrest, malicious prosecution and/or use of excessive force upon Plaintiff in violation of the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and/or New Jersey.

93. City of Newark had knowledge of, or had it diligently and reasonable exercised its duties to instruct, supervise, control and discipline its employees, agents and/or servants, would have had knowledge of the wrongful acts and/or omissions identified above and intentionally, knowingly or with deliberate indifference to Plaintiff's rights, failed or refused to prevent their commission and/or omission.

94. City of Newark, therefore, directly or indirectly, and under color of law, thereby approved or ratified the unlawful, malicious and wanton conduct of the individual Defendants.

95. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff was humiliated, disgraced, suffered damage to his reputation, physical and mental anguish and injury, and monetary loss and damage all to his great detriment.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedures, Plaintiff demands a trial by jury of this action.

## DESIGNATION OF TRIAL COUNSEL

Bilal A. Jaloudi, Esq. is hereby designated as trial attorney.

## CERTIFICATION PURSURANT TO L. CIV. R. 11.2

I certify that the matter in controversy is not the subject of any other action pending or contemplated. I further certify that I am unaware of no other parties who should be joined in this matter.

Jaloudi & Associates, LLC
Attorneys for Plaintiff

By _____
Bilal A. Jaloudi, Esq.

Dated: February 16, 2022