NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC KOWLESAR,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, et al.,<br><br>　　　　　　　Defendants. | Civil Action<br>No. 22cv829 (EP) (JRA)<br><br>**OPINION** |

**PADIN, District Judge.**

　　This matter is before the Court on motions to dismiss filed by Defendants Miguel Arroyo, City Of Newark, Heriberto Figueroa, Darnell Henry, Prince Obeng-Fosu, Daniel Oliveira, Luis Osorio, and Debbie Teixeira (collectively, "City of Newark Defendants"), D.E. 2; and Defendants Essex County Prosecutor's Office and the State Of New Jersey (collectively "State Defendants"), D.E. 29.[1]  Plaintiff Eric Kowlesar opposes the City of Newark Defendants' motion.  D.E. 10.  As set forth below, the Court will grant the City of Newark Defendants' motion in part and will grant the State Defendants' motion in full.

**I.　BACKGROUND**

　　Plaintiff filed a complaint under 42 U.S.C. § 1983 on February 16, 2021.  D.E. 1. According to the complaint, Newark police banged on Plaintiff's front door on October 9, 2018 at

---

[1] Defendant Essex County also filed motions to dismiss, D.E.s 9 & 34, but settled with Plaintiff on December 1, 2022.  D.E. 43.  The Court administratively terminated Essex County's motions subject to reopening if a formal notice of settlement is not filed within 60 days.  D.E. 44.

approximately 6:00 A.M. *Id.* ¶ 14. At the time, Plaintiff was in the bathroom experiencing the aftereffects of "serious bladder cancer surgery." *Id.* Plaintiff's fiancée answered the door and explained Plaintiff "was in the bathroom and has a serious life-threatening situation." *Id.* "When [Plaintiff] finished using the bathroom, he immediately opened the bathroom door where he was confronted by at least four (4) police officers and guns pointed at his face." *Id.* Plaintiff "was immediately roughly apprehended and both of his arms were forced behind his back then forced upwards in an unnecessary, forceful, and painful position despite the numerous begs to use caution." *Id.* He was arrested and taken to the police station and later found out that "another man had been assaulted and robbed while hon [sic] September 20, 2018 and wrongly accused Plaintiff . . . to be the perpetrator." *Id.*

Plaintiff was acquitted on February 21, 2020 and released from incarceration on February 24, 2020. *Id.* ¶ 15. Plaintiff states his "cancer treatment was repeatedly ignored and worsened while incarcerated. . . . His cries for treatment were almost always ignored until he was in grave and dire condition." *Id.* ¶ 16. "As a result, he underwent five life threatening emergency surgeries and six blood transfusions during the time of his incarceration." *Id.* Plaintiff asserts he "lost his thriving restaurant business during the time of his incarceration." *Id.* ¶ 17.

## II.     STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted). "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." *Id.* at 790.

## III.   ANALYSIS

The Court will consider the City of Newark Defendants' challenges to the complaint before proceeding to discuss the State Defendants' motion.

### A.   Count One – Excessive Force

Count One of the complaint alleges that Defendants used excessive force against Plaintiff during his arrest on October 9, 2018. D.E. 1 ¶¶ 13-20. The City of Newark Defendants argue this claim is barred by the statute of limitations. D.E. 2 at 13. "Technically, the Federal Rules of Civil Procedure require a defendant to plead an affirmative defense, like a statute of limitations defense, in the answer, not in a motion to dismiss." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). "Nonetheless, dismissal under Rule 12(b)(6) is appropriate based on the statute of limitations 'when the statute of limitations defense is apparent on the face of the complaint.'" *Demby v. City of Camden*, No. 20-13893, 2022 WL 4377197, at *3 (D.N.J. Sept. 22, 2022) (quoting *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017)).

Plaintiff concedes his excessive force claim is barred by the statute of limitations, D.E. 10 at 7, and the Court agrees.  New Jersey's two-year limitations period for personal injury governs the federal claims in Plaintiff's complaint.  *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010); N.J.S.A. § 2A:14-2.   "A § 1983 claim of excessive force in connection with an arrest is . . . analyzed under the Fourth Amendment and accrues at the time of the arrest."  *Gofan Junior v. Elmer*, No. 16-8559, 2022 WL 17082497, at *4 (D.N.J. Nov. 18, 2022) (citing *Graham v. Connor*, 490 U.S. 386 (1989); *Brown v. Buck*, 614 F. App'x 590, 592 (3d Cir. 2015)).  Plaintiff's injury was immediately ascertainable at the moment of his arrest, so the time to file an excessive force claim expired on October 9, 2020.  The Court will dismiss this claim with prejudice.

**B.    Count Two – False Arrest and False Imprisonment**

Count Two alleges the City of Newark Defendants falsely arrested and imprisoned Plaintiff.  D.E. 1 ¶¶ 21-26.  Generally, a claim for false arrest accrues on the date of arrest.  *Singleton v. DA Philadelphia*, 411 F. App'x 470, 472 (3d Cir. 2011).  However in certain circumstances, § 1983 claims "do[] not accrue until the conviction or sentence has been invalidated."  *Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994).  *See also Garrett v. Murphy*, 17 F.4th 419, 425 (3d Cir. 2021) ("In *Heck*, the Supreme Court held that a prisoner lacks a 'cause of action' under § 1983 if the prisoner is challenging an 'allegedly unconstitutional conviction or imprisonment' before having the conviction or sentence overturned.").  Plaintiff relies on this exception and argues that these claims did not accrue until his February 21, 2020 acquittal.  D.E. 10 at 8-9.

The delayed accrual rule in *Heck* does not extend to "a § 1983 claim for false arrest in which there was no outstanding conviction at the time of the accrual, *i.e.*, the arrest."  *Dique v. New Jersey State Police*, 603 F.3d 181, 187 (3d Cir. 2010) (citing *Wallace v. Kato*, 549 U.S. 384,

4

393 (2007)). "[T]he *Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Wallace*, 549 U.S. at 393 (omission in original). Plaintiff was arrested on October 9, 2018, and there was no existing criminal conviction on that date such that *Heck* would have delayed the accrual of Plaintiff's false arrest claim. Accordingly, the false arrest claim is barred by the statute of limitations.[2]

However, it is not clear from the face of the complaint that Plaintiff's false imprisonment claims are too late. When a judicial officer's decision to hold a defendant over for trial is based on fabricated evidence, "pretrial detention can violate the Fourth Amendment not only when it precedes, but also when it follows, the start of legal process in a criminal case." *Manuel v. City of Joliet, Illinois*, 580 U.S. 357, 137 S. Ct. 911, 918 (2017) ("*Manuel I*"). "[*Manuel I*] shows that the wrong of detention without probable cause continues for the length of the unjustified detention." *Manuel v. City of Joliet, Illinois*, 903 F.3d 667, 669 (7th Cir. 2018) ("*Manuel II*"). Plaintiff alleges "Defendant Police Officers swore a false criminal complaint against the Plaintiff in order to cover up their unlawful actions. Defendant Police Officers knew that the allegations in the criminal complaint were false." D.E. 1 ¶¶ 68-69. If this allegation is true, Plaintiff was "confined without

---

[2] "State law, unless inconsistent with federal law, also governs the concomitant issue of whether a limitations period should be tolled." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "The law is clear that courts must be sparing in their use of equitable tolling." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999). "A party must plausibly plead allegations to support equitable tolling and 'a district court may dismiss an untimely cause of action if it is plain on the face of the complaint that the limitations period cannot be tolled.'" *Margolis v. Warner Chilcott (US) LLC*, No. 17-4550, 2018 WL 2455925, at *6 (D.N.J. May 31, 2018) (quoting *Menichino v. Citibank, N.A.*, No. 12–0058, 2013 WL 3802451, at *6 (W.D. Pa. July 19, 2013)). "A Plaintiff may not amend the pleadings through arguments found in his or her Opposition Brief in order to support application of equitable tolling." *Demby v. City of Camden*, No. 20-13893, 2022 WL 4377197, at *4 (D.N.J. Sept. 22, 2022) (citing *Margolis*, 2018 WL 2455925, at *7). There are no facts in the complaint from which the Court could reasonably conclude that equitable tolling would be appropriate in this matter.

constitutionally adequate justification." *Manuel I*, 137 S. Ct. at 918.  His claim would not have accrued until he was released from custody on February 24, 2020.  *See Manuel II*, 903 F.3d at 669 ("When a wrong is ongoing rather than discrete, the period of limitations does not commence until the wrong ends.").  The complaint was filed within two years of that date.  D.E. 1.  The Court will not dismiss the false imprisonment claims based on the statute of limitations.

**C.     Count Three – Conspiracy to Violate Civil Rights**

Plaintiff alleges in Count Three that the City of Newark Defendants conspired to deprive him of his federal civil rights.[3]  The City of Newark Defendants assert this claim is also time-barred.  D.E. 2-1 at 13-14.

There are three elements to a § 1983 conspiracy claim:

> "(1) two or more persons conspire to deprive any person of [constitutional rights]; (2) one or more of the conspirators performs . . . any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States," with the added gloss under § 1983 that "the conspirators act 'under the color of state law.'"

*Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294 n.15 (3d Cir. 2018) (quoting *Barnes Foundation v. Township of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001) (alteration and omission in original)).  "[T]he statute of limitations for civil conspiracies runs separately for each overt act causing damage."  *Graff v. Kohlman*, 28 F. App'x 151, 154 (3d Cir. 2002).

Plaintiff alleges the City of Newark Defendants "engaged in and facilitated numerous overt acts, including, without limitation, aggressively arresting Eric Kowlesar after being warned that he just underwent a serious life threatening surgery and incarcerating him based on the information

---

[3] The caption of Count Three references "all Defendants," but only the City of Newark Defendants are mentioned in the factual allegations.  D.E. 1 ¶¶ 27-33.

6

given to them by a man who was intoxicated at the time of alleged assault." D.E. 1 ¶ 30. The act of arresting Plaintiff occurred on October 9, 2018, so any conspiracy based on false arrest is time-barred. However, the Court will not dismiss the conspiracy claim based on false imprisonment as that claim arguably did not accrue until Plaintiff's release.[4]

**D.     Count Four – Deprivation of Federally Protected Rights**

To the extent Count Four, captioned as a general "deprivation of federally protected rights," includes Plaintiff's excessive force and false arrest claims, it is barred by the statute of limitations for the reasons discussed above. D.E. 1 ¶ 34. In addition to those claims, Count Four makes municipal and supervisory claims against Defendants City of Newark and Police Chief Darnell Henry.

"[A] § 1983 claim against a municipality may proceed in two ways. A plaintiff may put forth that an unconstitutional policy or custom of the municipality led to his or her injuries, or that they were caused by a failure or inadequacy by the municipality that 'reflects a deliberate or conscious choice.'" *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) (quoting *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019)). Plaintiff alleges the City of Newark and Henry "failed to enforce the laws of the United States and the State of New Jersey . . . pertaining to the use of force and lawful arrests, thereby creating within the City of Newark and its Police Department, an atmosphere of lawlessness in which Police Officers employ excessive and illegal force and violence and engage in illegal arrests and detentions, and such acts are condoned and justified by their superiors." D.E. 1 ¶ 37. Additionally, he alleges that they "developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of

---

[4] Plaintiff argues that the conspiracy claim is not time-barred because his malicious prosecution claim did not accrue until February 2020, but there are no overt acts alleged in furtherance of a conspiracy to maliciously prosecute Plaintiff.

7

persons in the City of Newark," including policies and customs that "inadequately and improperly supervise[d] and train[ed] its police officers. . . ." *Id.* ¶¶ 38-39. "Defendants City of Newark and Chief Darnell Henry have failed to provide training and supervision regarding lawful arrests to police officers which constitutes negligence, gross negligence and deliberate indifference to the safety and lives of its citizens." *Id.* ¶ 43. The Court infers that Plaintiff is alleging both kinds of municipal liability claims.

To state a policy or custom claim, Plaintiff "must identify a custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries. He may do so by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation he alleges." *Est. of Roman*, 914 F.3d at 798. For the second theory of liability, a plaintiff sufficiently pleads deliberate indifference by showing that "(1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Forrest*, 930 F.3d at 106 (quoting *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999)).

"A *Monell* or supervisor liability claim is properly viewed as a § 1983 claim (or as a component of a § 1983 claim), and it is subject to the same two-year statute of limitations as the underlying § 1983 tort." *Waselik v. Twp. of Sparta*, No. 16-4969, 2017 WL 2213148, at *5 (D.N.J. May 18, 2017). Plaintiff alleges that the City of Newark had a policy or custom that caused police officers to use excessive force during their false arrest of Plaintiff on October 9, 2018. As previously discussed, Plaintiff's excessive force and false arrest claims are barred by the statute of limitations. Therefore, his claims that municipal policies or customs caused those injuries are also

8

time-barred. His claims that the failure to train and supervise police officers constituted deliberate indifference are also based on the alleged use of excessive force and false arrest, making these claims time-barred as well. Therefore, the Court will dismiss Count Four with prejudice.[5]

E.   **Counts Five and Six – Violation of the New Jersey Civil Rights Act**

Count Five raises excessive force and false arrest claims under the New Jersey Civil Rights Act, N.J.S.A. § 10:6-1, *et seq.* ("NJCRA"). D.E. 1 at 10. Count Six raises claims of false arrest and false imprisonment. *Id.* at 11. The NJCRA "was modeled after 42 U.S.C. § 1983, and creates a private cause of action for violations of civil rights secured under the New Jersey Constitutions. . . . This district has repeatedly interpreted NJCRA analogously to § 1983." *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) (citing cases). Plaintiff's NJCRA claims are subject to the same principles and legal requirements, so his NJCRA excessive force and false arrest claims are barred by the statute of limitations for the same reasons as his § 1983 excessive force and false arrest claims. Count Five will be dismissed as time-barred. Count Six is not time-barred to the extent it alleges false imprisonment.

F.   **Counts Seven, Eight, and Nine – State Tort Claims**

Counts Seven, Eight, and Nine allege state tort claims of negligence, gross negligence, and negligent and intentional infliction of emotional distress, respectively. D.E No. 1 at 12-14.[6]

---

[5] Plaintiff argues that the policy-or-custom and failure-to-train claims based on his malicious prosecution claim should not be dismissed as time-barred because that claim did not accrue until his acquittal in 2020. D.E. 10 at 9. Count Four does not make factual allegations from which the Court could reasonably infer that a policy or custom or deliberate indifference led to the alleged malicious prosecution. "[I]t is axiomatic that a complaint cannot be amended in the opposition papers. The Court has an obligation to liberally construe *pro se* pleadings; this courtesy does not extend to pleadings drafted by lawyers." *Jackson v. Cnty. of Cumberland*, No. 19-18755, 2020 WL 7334187, at *2 (D.N.J. Dec. 14, 2020) (citing *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)).

[6] The Court has supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(a).

Plaintiff concedes these claims are time-barred. D.E. 10 at 11. Accordingly, the Court will dismiss Counts Seven, Eight, and Nine with prejudice.

### G.      Count Ten – Malicious Prosecution

Plaintiff alleges Defendant Police Officers "caused Plaintiff to be prosecuted under false facts" and "swore to a false criminal complaint against the Plaintiff in order to cover up their unlawful actions." D.E. 1 ¶¶ 67-68. The Supreme Court recently defined "the elements of the malicious prosecution tort as follows: (i) the suit or proceeding was 'instituted without any probable cause'; (ii) the 'motive in instituting' the suit 'was malicious,' which was often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice; and (iii) the prosecution 'terminated in the acquittal or discharge of the accused.'" *Thompson v. Clark*, 142 S. Ct. 1332, 1338 (2022) (quoting T. Cooley, Law of Torts 181 (1880)). The City of Newark Defendants argue Plaintiff has not satisfactorily alleged the first and second elements.

"Far from demanding proof of guilt beyond a reasonable doubt, '[p]robable cause exists if there is a "fair probability" that the person committed the crime at issue.'" *Castro v. New Jersey*, 521 F. Supp. 3d 509, 518 (D.N.J. 2021) (quoting *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000); *Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997)) (alteration in original). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 483 (3d Cir. 1995). "[T]he standard does not require that officers correctly resolve conflicting evidence or that their determinations of credibility, were, in retrospect, accurate." *Wright v. City of Phila.*, 409 F.3d 595, 603 (3d Cir. 2005).

10

The parties have submitted documents outside of the pleadings for the Court's consideration, including the incident report, affidavit of probable cause, and victim's medical records. "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993). "However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996), *superseded on other grounds by* 15 U.S.C. § 78u–4(b)(2)) (emphasis omitted) (alteration in original). The victim's medical records do not fall in either of these categories, so the Court may not consider them during the motion to dismiss. The incident report and affidavit of probable cause are arguably public records, but the Court would deny the motion to dismiss this claim regardless of whether those items are considered.

On a motion to dismiss under Rule 12(b)(6), the Court asks only whether Plaintiff has pled "sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence" of his claims. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). It must "assume all . . . factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* Here, Plaintiff alleges that the victim falsely identified Plaintiff as the attacker and that the police knew the identification was false. D.E. 1 ¶¶ 14, 69. He also alleges the officers "swore to a false criminal complaint against the Plaintiff in order to cover up their actions." *Id.* ¶ 68. It is not the Court's function at this juncture to weigh the credibility of the victim or determine whether the affidavit of probable cause to arrest Plaintiff

11

was purposely false; it must accept Plaintiff's factual allegations as true. If Plaintiff's factual allegations are true, City of Newark police officers began criminal proceedings against Plaintiff knowing that he did not commit the assault in order to cover up their own actions. This satisfies the pleading requirements. The Court will not dismiss the malicious prosecution claim against the City of Newark Defendants.

H.   **Count Eleven – 42 U.S.C. § 1983 *Monell* Claim**

Plaintiff agrees that his Count Eleven, alleging a *Monell* claim based on Defendants' "custom, policy, and practice of over-detaining inmates past their court-ordered release dates" should be dismissed against the City of Newark Defendants. D.E. 10 at 15. The Court will therefore dismiss this claim with prejudice.

I.   **Count Twelve – Negligent Hiring/Supervision/Municipal Liability/Respondeat Superior"**

Plaintiff raises the claim of "negligent hiring/supervision/municipal liability/respondeat superior" against the City of Newark in Count Twelve. D.E. 1 at 17.

A claim for negligent hiring, supervision, or retention, requires the plaintiff to plead facts demonstrating that: "(1) [T]he employer knew or had reason to know of the particular unfitness, incompetence, or dangerous attributes of the employee, (2) the employer could reasonably have foreseen that these qualities created a risk of harm to other persons, and (3) the employer's negligence and the employee's unfitness or dangerous characteristic proximately caused the injury." *Hoffman v. Silverio-Delrosar*, No. 20-13291, 2021 WL 2434064, at *3 (D.N.J. June 15, 2021) (alteration in original). "To assert a claim for negligent supervision, a plaintiff must plead that (1) the defendant owed a duty of care to the plaintiff to properly train its employees, (2) defendant breached that duty of care, (3) defendant's breach was the proximate cause of plaintiff's

injury, and (4) defendant's breach caused actual damages to plaintiff." *Id.* at *3-4 (citing *Brijall v. Harrah's Atl. City*, 905 F. Supp. 2d 617, 621 (D.N.J. 2012)).

Plaintiff has not stated negligent hiring or supervision claims, nor has he stated a claim of municipal liability. Plaintiff broadly alleges that the City of Newark "failed to use reasonable care in the selection of its employees, agents, or servants," D.E. 1 ¶ 90, but he does not allege any facts supporting an inference that the employees were particularly unfit, incompetent, or dangerous before their employment or that the City of Newark knew or had reason to know of any unfitness prior to hiring. He also provides no specific allegations as to how the City of Newark failed to supervise its employees. The complaint merely parrots the claims' elements, and restatements of the elements of a claim are legal conclusions not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Without sufficient factual support, Plaintiff fails to plausibly plead a negligent supervision or hiring claim or a municipal liability claim. The Court will dismiss Count Twelve without prejudice.

**J.      State Defendants**

The State Defendants move to dismiss the claims against them under Rule 12(b)(1) and (6). D.E. 29. The motion is unopposed. The Court will grant the motion and dismiss the complaint against the State Defendants with prejudice.

The State of New Jersey is completely immune from suit in federal court. The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any

Foreign State." U.S. Const. amend. XI. Section 1983 does not abrogate New Jersey's immunity, *see Quern v. Jordan*, 440 U.S. 332, 340–41 (1979), and New Jersey has neither consented to suit nor waived its Eleventh Amendment immunity here. In addition, "New Jersey is also immune from suit under its own laws in federal court. This Court has no jurisdiction to hear supplemental state-law claims against sovereign entities absent consent by the entity to suit in federal court." *Garcia v. Richard Stockton Coll. of New Jersey*, 210 F. Supp. 2d 545, 550 (D.N.J. 2002). Therefore, all claims against the State of New Jersey must be dismissed with prejudice.

"The Eleventh Amendment may bar an action even where a state is not a named party; it extends to state agencies and state officers, 'as long as the state is the real party in interest." *Est. of Bardzell v. Gomperts*, 515 F. Supp. 3d 256, 267 (D.N.J. 2021) (quoting *Fitchik v. New Jersey Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989)), *aff'd*, No. 21-1906, 2022 WL 843483 (3d Cir. Mar. 22, 2022). "To determine whether the state is the real party in interest, this Court considers three factors: (1) whether the money to pay for the judgment would come from the state; (2) the status of the agency under state law; and (3) what degree of autonomy the agency has." *Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 857 (3d Cir. 2014) (citing *Fitchik*, 873 F.2d at 659). "The New Jersey Supreme Court has ruled definitively that when county prosecutors act in their law enforcement or investigatory capacity, 'they act as "agents" and "officers" of the State, qualifying as State employees under N.J.S.A. 59:1–3 for the purpose of determining vicarious liability under the TCA.'" *Est. of Bardzell*, 515 F. Supp. 3d at 268-69 (quoting *Wright v. State*, 778 A.2d 443, 462 (N.J. 2001)). The Court considers the first *Fitchik* factor to be satisfied.

The second factor, the status of the agency under state law, also favors the Prosecutor's Office. "The office of county prosecutor in the State of New Jersey is a constitutionally established

office." *Coleman v. Kaye*, 87 F.3d 1491, 1500 (3d Cir. 1996); *see also Wright*, 778 A.2d at 452 (quoting *Coleman*); N.J. Const. art. VII, § 2, ¶ 1. The Prosecutor's Office's status "as a 'constitutionally established office' satisfies the second *Fitchik* factor which considers the status of an defendant for sovereign immunity purposes." *Rouse v. New Jersey Dep't of Health & Hum. Servs.*, No. 15-01511, 2015 WL 5996324, at *3 (D.N.J. Oct. 13, 2015) .

"Finally, the third *Fitchik* factor is satisfied here, where a county prosecutor acting with prosecutorial authority is not an autonomous entity separate from the State." *Id.* (citing *Wright*, 778 A.2d at 455, "[T]he county prosecutor's law enforcement function is unsupervised by county government or any other agency of local government, but remains at all times subject to the supervision and supersession power of the Attorney General." *Wright*, 778 A.2d at 462. "[C]ounty prosecutors are uniquely subject at all times to the Attorney General's statutory power to supervise and supersede them . . . ." *Id.* Ultimately, "the [State] Attorney General has the ultimate responsibility in matters related to the enforcement of the State's criminal laws that have been legislatively delegated to county prosecutors." *Id.* (citing N.J.S.A. § 52:17B–98; N.J.S.A. § 52:17B–103). After reviewing the *Fitchik* factors, the Court concludes that New Jersey's sovereign immunity extends to the Essex County Prosecutor's Office. It is therefore immune from suit in federal court, and the claims against it must be dismissed.

The Prosecutor's Office also has absolute prosecutorial immunity in addition to its sovereign immunity. "The decision to initiate a prosecution is at the core of a prosecutor's judicial role." *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). *See also Burns v. Reed*, 500 U.S. 478, 486 (1991); *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020). "A prosecutor is absolutely immune when making this decision, even where [he or she] acts without a good faith belief that any wrongdoing has occurred."

*Kulwicki*, 969 F.2d at 1464.  Prosecutorial immunity extends to "claims arising from their conduct in beginning a prosecution, including 'soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings,' *Kulwicki*, 969 F.2d at 146, presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence, *Burns*, 500 U.S. at 491-92." *Fogle*, 957 F.3d at 160.  Plaintiff's claims against the Prosecutor's Office stem from its charging and prosecuting Plaintiff for assault, actions that concern its law enforcement and investigative roles.  Therefore, the Prosecutor's Office is immune from suit due to prosecutorial immunity as well as sovereign immunity.

### IV.     CONCLUSION

For the reasons stated above, the Court will grant the State Defendants' motion to dismiss. The Court will grant the City of Newark Defendant's motion to dismiss in part.  Counts One, Four, Five, Seven, Eight, Nine, and Eleven are dismissed with prejudice, Fed. R. Civ. P. 12(b)(6). Counts Two, Three, and Six are dismissed with prejudice to the extent they are based on excessive force and false arrest claims.  Count Twelve is dismissed without prejudice, Fed. R. Civ. P. 12(b)(6).  Count Ten remains pending against the City of Newark Defendants, as do Counts Two, Three, and Six to the extent they are based on false imprisonment allegations.

An accompanying Order will be entered.

December 19, 2022
Date

EVELYN PADIN
U.S. District Judge